## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

**SUSAN BAXTER and TYE BAXTER,**                                    **PLAINTIFFS**
**on behalf of themselves and all**
**others similarly situated**

**v.**                          **CASE NO. 1:19-CV-00069-BSM**

**INDEPENDENCE COUNTY,** *et al.*                                    **DEFENDANTS**

## ORDER

Summary judgment is denied on Susan Baxter's Fair Labor Standards Act (FLSA) and

Arkansas Minimum Wage Act (AMWA) claims against defendants in their official capacities,

and granted on Tye Baxter's claims [Doc. No. 32].  Summary judgment is granted on all of

Susan Baxter's remaining claims [Doc. No. 31].

## I. BACKGROUND

Susan and her son, Tye Baxter, are suing Independence County, Sheriff Shawn

Stephens, and Deneschia Wilson under the FLSA and AMWA for failing to accurately award

compensatory time-off.  Ms. Baxter is also suing Independence County under the Age

Discrimination in Employment Act (ADEA), Arkansas Whistle-blower Act, and the Arkansas

Civil Rights Act (ACRA) claiming that defendants discriminated against her and retaliated

against her.  The undisputed facts are as follows.

The Baxters were jailers at the Independence County Detention Center.  Resp. Defs.'

FLSA F. ¶ 1, Doc. No. 51.  They worked twelve hour shifts.  As a sergeant, Ms. Baxter also

worked "on call" time, which was not recorded on her time sheets.  *Id.* ¶ 16.  The Baxters

admit that they were compensated for all of the time recorded on their time sheets, but dispute that the time sheets were complete. *Id.* ¶¶ 4, 8.

During her employment, Ms. Baxter complained to her direct supervisor, Lynn Croslin, about conditions in the jail. Resp. Defs.' F. ¶ 6, Doc. No. 53. Croslin reported the complaints to Wilson, a jail administrator, who did not communicate the complaints to Sheriff Stephens. *Id.* ¶ 8. Ms. Baxter subsequently applied for a street patrol position. Although her application was selected for board review, she was not chosen to fill one of the three positions. *Id.* ¶¶ 12–13. Mr. Baxter, however, was selected. *Id.* ¶ 23. Ms. Baxter resigned her position. *Id.* ¶ 27.

Ms. Baxter alleges that defendants failed to accurately award compensatory time off, forced her to forfeit compensatory time off, and did not pay her in compliance with the FLSA and AMWA. She also alleges that she was denied a street patrol position and was constructively discharged as a result of her complaints about jail conditions. Mr. Baxter alleges that defendants failed to accurately award compensatory time off, forced him to forfeit compensatory time off, and did not pay him in compliance with the FLSA and AMWA. Defendants move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party

demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

III. DISCUSSION

A.   FLSA and AWMA Claims

Summary judgment is denied on Ms. Baxter's FLSA and AWMA claims because the parties dispute whether time sheets accurately reflect all of the hours she worked. Summary judgment is granted on Mr. Baxter's FLSA and AWMA claims because no similar disputes of material fact exist.

FLSA and AWMA claims are analyzed similarly because both impose the same overtime requirements. *See Arkansas Dep't of Veterans Affairs v. Okeke*, 466 S.W.3d 399, 403 (Ark. 2015). Law enforcement officers must be given compensatory time-off or overtime pay at a rate of 1.5 times their regular pay rate when they work more than 86 hours within a fourteen-day period. 29 U.S.C. § 207(a), (k); 29 C.F.R. § 553.230(c). An employer must allow employees to use compensatory time off within a reasonable time of their request, when doing so does not "unduly disrupt" the agency's operations. 29 U.S.C. § 207(o). When an

3

employer fails to maintain proper records, an employee is required to show the extent of uncompensated work as a matter of just and reasonable inference. *Carmody v. Kansas City Bd. Of Police Com'rs*, 713 F.3d 401, 406 (8th Cir. 2013). The burden then shifts to the employer to dispute the inference. *Id.*

### *1. Susan Baxter*

Whether Ms. Baxter's time-sheets accurately reflect the number of hours she worked is an issue that must be decided at trial because it is in dispute. Defendants admit that there is a dispute of fact concerning Ms. Baxter's FLSA claim for on-call time, and do not seek summary judgment on that claim. Defs.' Br. at 9, Doc. No. 34. They argue, however, that summary judgment is appropriate on her remaining FLSA claims because she recorded her time, confirmed that her time sheets were correct by signature and during her deposition, and received compensatory time off for the recorded time. *Id*. at 7. Ms. Baxter admits that she worked the hours recorded on her time sheets but states that the time sheets were not complete, and that she worked approximately five to six hours a week that were not recorded on the time sheets. S. Baxter Dep. at 163:13-164:12; 235–238, 240:2, Doc. No. 32-1. To support her claim that she was required to forfeit compensatory time-off, Ms. Baxter asserts that Wilson told her there was a "use it or lose it" policy that required her to either take all of her comp time by the end of the year or it would be "go off the books." *Id.* at 165:21– 166:1-3. This is further supported by Croslin's testimony that Wilson would give out unrecorded "ghost hours" to employees that did not use all of their compensatory time off by the end of

the year.  Croslin Dep. 148:11–25, Doc. No. 49-1.

### 2. Tye Baxter

Summary judgment is granted on Mr.  Baxter's claims because there are no material issues of fact in dispute.  Although Mr.  Baxter alleges that defendants failed to give him compensatory time off when requested, Pls.' Resp. Br. at 3–4, Doc No. 50, in his deposition he could point to no instance when defendants failed to properly compensate him or when he was denied compensatory time off for a reason other than issues of under-staffing.  T. Baxter Dep. at 73–75; 99:18–22, Doc. No. 32-2.  Bare allegations are not sufficient to overcome summary judgment.  *Holaway v. Stratasys, Inc., 771 F.3d 1057, 1059 (8th Cir.* 2014).

### 3. Individual capacity claims

Summary judgment is granted on Ms. Baxter's individual capacity claims against Wilson because nothing in the record indicates that Wilson was involved in the jail's time-keeping and compensation policies.  S. Baxter Dep. at 207:3–6, 208:5–12; Wilson Decl. ¶ 3, Doc. No.  32-3; *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (quoting *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)) ("individual employee must be "responsible in whole or part for the alleged violation" to incur individual liability").  Ms. Baxter's motion to dismiss her claims against Sheriff Stephens, in his individual capacity,  is granted.  Pls.' Resp. Br at 7.

B.    Remaining Claims

*1. The Arkansas Whistle-blower Act*

Summary Judgment is granted on Ms. Baxter's retaliation claim under the Arkansas Whistle-blower Act because she has not shown that her complaints have a causal relationship to an adverse employment action.  *See* Ark. Code. Ann. § 21-1-604.

The Arkansas Whistle-Blower Act prohibits a public employer from taking adverse action against an employee for a good faith report of a violation of a law, rule, or regulation. *Id*. § 21-1-603.  Independence County argues that Ms. Baxter's complaints of overcrowding, under staffing, insufficient mats for inmates, and jailers passing medication were not reports under the Arkansas Whistle-blower Act because they were known issues that are common in correctional settings.  Defs.' Br. Mot. Part. Summ. J. at 8–11, Doc. No. 33.   It is not necessary to decide whether her complaints were reports under the statute because she has failed to show that she faced an adverse action as a result of her complaints.

Ms. Baxter alleges that she faced threats, intimidation, failure to promote, and constructive discharge as a result of her complaints.  Compl. ¶¶ 22–23, Doc. No. 1.  In her deposition, however, she could not point to any specific threats made against her.  S. Baxter Dep. at 150:22-151:9, Doc. No. 32-1.  She also cannot show a link between her complaints and her failure to be selected for a street patrol position because the interview panel did not have access to the candidates' prior disciplinary history or work performance.  Resp. F. ¶ 16, Doc. No. 53.  Although Aaron Moody sat on the interview board, and Baxter had previously

complained to him about passing medication, he did not discuss anything about the candidates with the board prior to the interviews.  Moody Decl. ¶ 10.

Finally, Ms. Baxter argues that she was constructively discharged as a result of her complaints to jail administrators about overcrowding, under staffing, and the administration of medication by jailers, because nothing was done to improve the jail conditions, she received an unmerited write-up, and she was denied a promotion.  Compl. ¶ 23; Resp. Mot. Part. Summ. J. at 15, Doc. No. 52.  Nothing in the record, however, shows that Independence County forced her resignation or that her resignation was reasonably foreseeable given the working conditions.  *Tatom v. Georgia-Pacific Corp.*, 228 F.3d 926, 932 (8th Cir. 2000) ("loss of supervisory responsibilities, feeling of being unfairly criticized, dissatisfaction with work assignments, and loss of pay are insufficient to constitute a constructive discharge").

### 2. Age Discrimination

Summary judgment is granted on Ms. Baxter's age discrimination claim because she has not shown direct evidence of discrimination or satisfied the requirements of the *McDonnell Douglas* burden-shifting framework.

Under the Age Discrimination in Employment Act (ADEA), a plaintiff can survive summary judgment either by providing proof of direct evidence of discrimination or by meeting the requirements of the *McDonnell Douglas* burden-shifting framework.  *Perry v. Kunz*, 878 F.2d 1056, 1058 (8th Cir. 1989).   Direct evidence is that which shows "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to

support a finding by a reasonable fact finder that illegitimate criterion actually motived" the

adverse employment action. *Griffith v. City of Des Mines,* 387 F.3d 733, 736 (8th Cir. 2004)

(quoting *Thomas v. First Nat'l Bank of Wynne*, 111 F.3d 64, 66 (8th Cir.1997)).  When there

is no direct evidence of discrimination*,* a claim brought under the ADEA is evaluated using

the *McDonnell Douglas* framework*.  Regel v. K-Mart Corp*., 190 F.3d 876, 879 (8th Cir.

1999).  Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of

discrimination and then the burden shifts to the employer to provide a legitimate,

nondiscriminatory reason for the adverse employment action.  411 U.S. 792, 802 (1973).  If

the employer articulates a nondiscriminatory reason, the plaintiff must show that the stated

reason for the employer's conduct was pretext.  *Id*. at 804.  To establish a prima facie case of

race discrimination, a plaintiff must show (1) membership in a protected class; (2) that the

plaintiff was meeting her employer's legitimate job expectations; (3) that the plaintiff suffered

an adverse employment action; and (4) that similarly situated employees outside the protected

class were treated differently.  *Gibson v. American Greetings Corp*., 670 F.3d 884, 853 (8th

Cir. 2012).

     a.    Direct Evidence

     As direct evidence of discrimination, Ms. Baxter argues that a member of the interview

board, Bret Ward, told her that he "felt the Sheriff and Moody technically wanted younger

people and not old blood."  S. Baxter Dep. at 112:18–20.  Independence County points out

that this is not direct evidence of age discrimination because Ms. Baxter admitted in her

deposition that this comment related to the applicants' training and not their age. Def.'s Br.
Mot. Part. Summ. J. at 19–20; Defs.' Reply at 3–4, Doc. No. 56; S. Baxter Dep. at 112:12 to
113:24. The County also argues that even if Ward made those comments, they were made in
reference to Andy Rogers, who received the position. Def.'s Reply at 4.

Although a hiring decision motivated by the applicants' training does not in itself
constitute age discrimination, it cannot be said that the hiring decision was "wholly motivated
by factors other than age." *Hilde v. City of Eveleth*, 777 F.3d 998, 1005 (8th Cir. 2015)
(quoting *Hazen Paper Co. v. Biggins*, 113 U.S. 604 (1993)). The problem is that the record
is devoid of any evidence of the ages of the people hired. While Ms. Baxter asserts that the
individuals hired were younger than her, she does not provide their ages. Without some
evidence of the ages of the new hires, Ward's statement does not establish the "specific link"
necessary to constitute direct evidence of age discrimination.

      b.    *McDonnell Douglas*

Independence County further argues that Ms. Baxter has failed to establish a prima
facie case of discrimination because she admitted that the County wanted to hire someone
young because it wanted to train someone in a different way. S. Baxter Dep. at 112:12 to
113:24. *See Gross v. FBL Financial Services, Inc*. 557 U.S. 167, 176-77 (2009) (mixed-
motive claims not authorized under the ADEA). Without knowing the ages of the people
actually hired, it is difficult to decide whether Baxter has established a prima facie case

Even if Baxter has made out a prima facie case of age discrimination, she cannot show

that the County's reasons for its hiring decision–the candidates' interview performance–is pretext.  This is true because the board received no information about the candidates other than their application, the board recommended the two highest scoring candidates based on the standard scoring sheet, and Sheriff Stephens, the ultimate decision maker, hired the candidates recommended by the board.  Moody Decl. ¶ 25, 27; Green Decl. ¶ 19–20, Doc. No. 31-6; Rawlins Decl. ¶ 21; Ward Decl. ¶ 18, 21, 24; Stephens Decl. ¶ 28, 34, 41.  Doc. No. 31-2.

Ms. Baxter's second pretext argument is based on the fact that she was not interviewed for another position that opened approximately two months later.  Pls.' Resp. Br. at 13.  It is undisputed, however, that the Sheriff already had her interview score from the first interview. *See* S. Baxter Dep. 90:10; Stephens Decl. ¶ 27.  The December 20, 2018 recommendation letter sent to Sheriff Stephens included the interview scores of the candidates.  Letter to Stephens, Doc. No. 31-2, Ex. A.  Out of a possible 420 points, Andy Rogers scored 384, Tye Baxter scored 324, unidentified applicant scored 236, Susan Baxter scored 224, and a second unidentified applicant scored 197.  *Id.*  Ms. Baxter testified that on February 4, 2019, after Andy Rogers and Tye Baxter were hired, Moody told her that her application was still on file and that "he felt like [she] was in the top three." S. Baxter Dep. at 119-120.  Based on that conversation, Ms. Baxter argues that she should have been hired, or at least interviewed by the new board, when the next position became available.  *See* Pls.' Resp. Br. at 10, 13.  After the board sends a recommendation, Sheriff Stephens reviews each candidate's application and

interview score.  Stephen's Decl. ¶ 19.  Even if Ms. Baxter was the third highest-scoring candidate from her round of interviews, her score was not particularly high, and she was not one of the two candidates recommenced by the board.  Stephen's Decl. ¶ 23 ("I do not recall any time I have rejected the board's recommendation of a candidate.").  The fact that Sheriff Stephens held another round of interviews after both recommended candidates were hired does not suggest discrimination.  Additionally, there was no need for Ms. Baxter to interview again when her previous interview score, from only two months prior, was on file.  The facts, taken in the light most favorable to Ms. Baxter, do not show an illegal animus based on age, that tainted the board's interview process.

*3. Arkansas Civil Rights Act and Section 1983*

Summary judgment on Ms. Baxter's retaliation claims under the Arkansas Civil Rights Act and 42 U.S.C. section 1983 is denied as moot because those claims were previously dismissed.  Doc. Nos. 22, 24.

## IV. CONCLUSION

For the foregoing reasons, summary judgment is denied on Susan Baxter's FLSA and AMWA claims, and granted on all other claims.

IT IS SO ORDERED, this 30th day of September, 2021.

UNITED STATES DISTRICT JUDGE