# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

SUSAN BAXTER                                                                                    PLAINTIFF

v.                                            NO. 1:19-CV-69-BSM

INDEPENDENCE COUNTY                                                                    DEFENDANT

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS

Plaintiff, Susan Baxter, and Defendant, Independence County, Arkansas, by and through their undersigned counsel, jointly submit the following Motion to Approve Settlement Agreement and Dismiss with Prejudice state as follows:

1. Plaintiff initiated this action on August 9, 2019. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq., and was filed as a collective action. *Id*. Plaintiff alleged that she was required to work off-the-clock without pay for all hours worked and was not properly paid all of her compensatory time off in lieu of overtime pay, which resulted in minimum wage and/or overtime violations. *Id.*

2. A second plaintiff and other defendants were originally included as parties to this matter along with other non-wage and hour claims. *See id*. However, the Court entered summary judgment on all claims other than the FLSA and AMWA claims by Plaintiff in this case on October 18, 2021. *See* ECF No. 63. Following that Order, the case proceeded only on behalf of Susan Baxter as against Defendant and only as to her original FLSA and AMWA claims. The case was never certified as a collective action.

3.      Defendant disputes that Plaintiff or any others were not properly compensated for all hours worked, including compensatory time off in lieu of overtime, thereby creating a bona fide dispute as to wages owed.

4.      The parties have engaged in discovery regarding Plaintiff and the opt-in class members' time records, compensation, and issues related to the underlying merits of the claims against Defendant as well as defenses. Plaintiff and other witnesses were deposed as well.

5.      Following extensive negotiations between counsel, assisted by the Magistrate Judge prior to a settlement conference that was scheduled for February 3, 2022 (ECF No. 72), the parties have entered into a Settlement Agreement (Settlement Agreement) for Plaintiff resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as <u>Exhibit A</u>.

6.      To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors

'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records, by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of her claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have reached an amicable resolution as to all Plaintiffs' claims.

9. The attorneys' fees agreed upon by the parties were negotiated only after an agreement had been reached as to Plaintiff's claims. All fee negotiations were conducted at arms' length, separately, and in addition to Plaintiff's claims. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018)("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

10. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they are entitled.

    Respectfully Submitted,

    Lucien Gillham (#99199)
    SUTTER & GILLHAM, P.L.L.C.
    310 West Conway Street
    Benton, Arkansas 72018
    501-315-1910 Office
    501-315-1916 Facsimile
    Email: lucien.gillham@gmail.com
    **Attorneys for Plaintiff**

    And

5

                Gregory J. Northen (#2011181)
                CROSS, GUNTER, WITHERSPOON &
                 GALCHUS, P.C.
                500 Pres. Clinton Avenue, Suite 200
                Little Rock, Arkansas 72201
                Phone: (501) 371-9999
                Fax:    (501) 371-0035
                Email: gnorthen@cgwg.com
                **Attorneys for Defendant**